UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nurudiin Mohamud Abdi, | Case No. 24-CV-00532 (JMB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeffry Flake, U.S. *Ambassador to Turkey*; <br> Antony J. Blinken, *Secretary*; | |
| Defendants. | |

---

Mai Neng Moua, Moua & Swanson PLLC, Minneapolis, MN, for Plaintiff Nurudiin Mohamud Abdi.

Emily M. Peterson, United States Attorney's Office, Minneapolis, MN, for Defendants Jeffry Flake and Antony J. Blinken.

---

This matter is before the Court on Defendants Jeffry Flake's and Antony J. Blinken's (together, the Defendants) motion to dismiss this mandamus action against them brought under the Administrative Procedure Act (APA) by Plaintiff Nurudiin Mohamud Abdi. (Doc. No. 5.) For the reasons explained below, the Court will grant Defendants' motion and will dismiss this action.

BACKGROUND

Abdi is a U.S. citizen. (Doc. No. 1 [hereinafter, "Compl."] ¶¶ 4, 10.) Abdi's wife, Faiza Abdirahman Mohamed Dadle, is a citizen of Somalia. (*Id.* ¶ 10, Ex. 2 at 1.) On January 17, 2022, Abdi filed a Form I-130 with United States Citizenship and Immigration Services (USCIS) on behalf of Dadle, so that she may come to the United States. (Compl.

1

¶ 12, Ex. 1.)  USCIS approved it on May 2, 2023.  (*Id.*)  On May 24, Abdi and Dadle submitted a Form DS-260 Immigrant Visa Application (Application) to USCIS.[1]  (*Id.* ¶ 13.)

Approximately six weeks later, on July 7, the NVC confirmed to Abdi that it had "received all of the fees, forms, and documents that are required prior to scheduling your immigrant visa interview," and that it would work with the embassy in Ankara, Türkiye to schedule Dadle's consular interview on her Application.  (*Id.* ¶ 14, Ex. 3.)  According to the Department of State's Foreign Affairs Manual (FAM), the NVC schedules consular interview appointments in the order that documentarily complete applications are received. 9 FAM 504.4-6(a).[2]  Since that time, approximately fifteen months have elapsed and Dadle had not been scheduled for an interview.  (*Id.* ¶ 15.)

---

[1] To obtain such a visa, a U.S. citizen must submit a Form I-130 to USCIS on behalf of their foreign relative.  *See* 8 U.S.C. § 1154; 8 C.F.R. § 204.1(a)(1).  Upon approval by USCIS, the petition is forwarded to the Department of State's National Visa Center (NVC). 8 U.S.C. § 1154(b).  After that, the foreign relative must submit a Form DS-260 and certain required supporting documents to the NVC.  22 C.F.R. §§ 42.63(a), 42.65.  Upon determination by the NVC that the Form DS-260 is complete, it will schedule a consular interview with the foreign relative at the appropriate embassy.  *Id.* §§ 42.61(a), 42.62(a).

[2] The FAM is "a single, comprehensive, and authoritative source for the Department's organization structures, policies, and procedures that govern the operations of the State Department, the Foreign Service, and, when applicable, other federal agencies."  *Foreign Affairs Manual - U.S. Department of State*, Library of Congress, available at https://www.loc.gov/item/lcwaN0026575/#:~:text=%22The%20Foreign%20Affairs%20Manual%20(FAM,when%20applicable%2C%20other%20federal%20agencies [https://perma.cc/FDF6-4WJX] (last visited May 31, 2024).  The FAM "convey[s] codified information to Department staff and contractors so they can carry out their responsibilities in accordance with statutory, executive and Department mandates."  *Id.*  The Court properly takes judicial notice of government websites.  *See, e.g.*, *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016).

The Complaint alleges that the embassy in Türkiye has "unlawfully and unreasonably withh[eld] agency action" on Dadle's Application in violation of the Administrative Procedure Act (APA) and requests that the Court to use its mandamus powers to compel such action.[3]  (*See* Doc No. 1.)  Defendants now move to dismiss the Complaint in its entirety.[4]  (Doc. No. 6.)

## DISCUSSION

Because the Complaint does not include sufficient facts to raise a reasonable inference that the embassy unreasonably withheld action on the Application, the Court grants Defendants' motion.

On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), courts consider all facts alleged in the complaint to be true and then determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3] Although the Complaint includes two causes of action (a violation of the APA and a request for mandamus), in immigration-delay cases, APA and mandamus claims are considered together.  *E.g.*, *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D. Minn. 2008) ("[I]n immigration-delay cases . . . , the duty to be enforced by way of mandamus is a duty of timeliness established by the APA, [thus] there is little reason to consider mandamus claims separately from claims under the APA.").

[4] In his written submission opposing Defendants' motion, Abdi makes additional factual allegations that do not appear in the Complaint, including that Abdi's oldest child wishes to attend school in the United States, that NVC informed Abdi in February 2024 that interviews were being scheduled at the embassy in Türkiye, and that the embassy in Türkiye has worked through the backlog caused by the COVID-19 pandemic.  (Doc. No. 10 at 4–5.)  The Court cannot consider these allegations because, "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

3

(2009)). A pleading has facial plausibility when its factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In this analysis, the Court construes the allegations and draws inferences from them in the light most favorable to the plaintiff. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). However, the Court will not give the plaintiff the benefit of unreasonable inferences, *Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010), and is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The APA compels agencies, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, . . . [to] proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA also provides that this Court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the Court may compel agencies to take only those "discrete agency action[s] that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

To determine whether an agency's delay violates the APA, courts consider six factors set forth in *Telecommunications Research and Action Center v. Federal Communications Commission, et al.*, 750 F.2d 70 (D.C. Cir. 1984) (*TRAC*):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

4

> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (citations omitted); *see also, e.g.*, *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 338–40 (D.C. Cir. 2023) (affirming dismissal under Rule 12(b)(6) of lawsuits alleging decision on visa-related petitions had not been issued after approximately four years); *Infracost Inc. v. Blinken*, __ F.3d __, __, 2024 WL 1914368, at *7 (S.D. Cal. Apr. 30, 2024) (analyzing *TRAC* factors on motion to dismiss plaintiff's immigration-delay claim under APA); *Arab v. Blinken*, 600 F. Supp. 3d 59, 69 (D.D.C. Apr. 21, 2022); *Jaraba v. Blinken*, 568 F. Supp. 3d 720, 733–42 (W.D. Tex. 2021) (applying *TRAC* factors to analyze sufficiency of allegations in complaint in motion to dismiss). Abdi argues that his allegations in the Complaint satisfy the *TRAC* factors, but the Court disagrees and concludes that the allegations in the Complaint do not sufficiently allege facts to establish either *TRAC* factor one or four.

As noted above, *TRAC* factor one requires the Court to consider whether the timing of the agency's decision is governed by a "rule of reason." *TRAC*, 750 F.2d at 80. The Court is persuaded by the analysis in many orders from other courts underlying their conclusion that an agency's decision to process applications in the order received, known as a "first-in, first-out rule," constitutes a rule of reason. *E.g.*, *Da Costa*, 80 F.4th at 340–41 (concluding that USCIS's decision to process and issue visas in the order that the visa petitions are filed constitutes a "rule of reason"); *see also, e.g.*, *Hassan v. Bitter*, No. 8:24-

5

CV-0145, 2024 WL 4113835, at *21 (D. Neb. Sept. 9, 2024) (concluding that USCIS's "system of adjudication" of Form I-130 applications and NVC's system of filling "these appointments in a first-in, first-out manner . . . qualifies as a 'rule of reason' under the first *TRAC* factor") (quotation omitted); *Telukunta v. Mayorkas*, No. 21-CV-10372, 2021 WL 2434128, *2 (E.D. Mich. June 15, 2021) (concluding that USCIS's review of visa applications based on a "'first-in, first-out' system . . . constitutes a 'rule of reason'"); *Ray v. Cuccinelli*, No. 20-CV-06279, 2020 WL 6462398, at *9 (N.D. Cal. Nov. 3, 2020) (concluding that USCIS's adjudication procedure for adjudication of certain renewal applications "in the order they were filed . . . satisfied the first *TRAC* factor"); *Muvvala v. Wolf*, No. 20-CV-02423, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) (same).

Given these cases, and because Abdi did not direct this Court to any contrary authority, USCIS's decision to process applications and interviews in the order received complies with a rule of reason. The Complaint makes no allegation that Defendants have not processed applications in a manner consistent with the FAM.[5] 9 FAM 504.4-6(a).

---

[5] To the extent that portions of Abdi's written submissions can be construed as an argument that the NVC website establishes a definitive time period by which they will schedule appointments (Doc. No. 10), the Court remains unconvinced for two reasons. First, such facts are not included in the Complaint. *See Morgan Distrib. Co.*, 868 F.2d at 995. Second, such an argument mischaracterizes the NVC website, which explicitly states that it "strives to schedule appointments within three months," but "this timeframe is subject to the operating status and capacity of the consular section" and "most consular posts are operating at a limited capacity as they work through a backlog of immigrant visa applications and scheduling may take significantly longer." *Appointment*, U.S. Dep't of State—Bureau of Consulate Affairs, available at https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-10-prepare-for-the-interview/appointment.html#int1 [https://perma.cc/DV3F-XFM8] (last visited July 25, 2024).

Absent any allegation that NVC has deviated from this rule of reason, the Court concludes the Complaint has not alleged "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

*TRAC* factor four requires the Court to consider the effect of expediting delayed action. Again, the analysis of the *Da Costa* court is persuasive. Absent allegations that the agency was not processing applications in the order they were received, the consequence of prioritizing Dadle's application would be to permit "line-jumping" and thereby prejudice others who were also awaiting adjudication. *See Da Costa*, 80 F.4th at 343–44 ("Granting this individual relief would necessarily come at the expense of other similarly situated applicants, unlike broader relief that would avoid line-jumping concerns") (quotations omitted). Abdi concedes as much and acknowledges that he "does not have a right to skip ahead of other petitions who filed an application before [Dadle]." (Doc. No. 10 at 5.) However, he asserts that, through his lawsuit, he does not seek for Dadle to skip ahead of others because her application is and has been ripe for review. Specifically, in his opposition brief (not in his Complaint), Abdi states that someone at the NVC told him via phone that Dadle's application was already reviewed and was ripe for a consular interview. (*Id.*) As previously noted, however, the Court cannot consider such representations of fact outside of the pleadings on a motion under Rule 12(b)(6). *Morgan Distrib. Co.*, 868 F.2d at 995. Because the Abdi alleges nothing more than that "seven (7) months have passed since all required documents and filing fees were submitted, [and] Plaintiff's spouse has not been scheduled for an interview yet" (Compl. ¶ 15), the

7

Complaint reads as a request for "line-jumping" over others, and is, therefore, insufficient to survive Defendants' motion.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants Jeffry Flake's and Antony J. Blinken's Motion to Dismiss (Doc. No. 5) is GRANTED; and

2. Plaintiff Nurudiin Mohamud Abdi's Complaint (Doc. No. 1) is dismissed in its entirety, without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 2, 2024                                    /s/ *Jeffrey M. Bryan*
                                                                                           Judge Jeffrey M. Bryan
                                                                                           United States District Court